**Lease Term Extension Agreement**

Account Number: ▮▮▮▮▮▮

Nov 30, 2022

**EUDEL CEPERO**
▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮

| Vehicle Information | | | |
|---|---|---|---|
| 2020 | Kia | FORTE | Vehicle Identification Number: 3KPF34AD9LE197269 |
| Motor Vehicle Lease Agreement Dated: | 12/21/2019 | | Account Number: ▮▮▮▮▮▮ |

Dear Customer(s):

At your request, we will agree to amend your above-identified Motor Vehicle Lease Agreement ("Lease") as follows:

1. **Extension.** Your Lease will be extended beyond its original scheduled maturity date ("Original Maturity Date") on a month-to-month basis, up to the Maximum Maturity Date below provided the obligations under your Lease, such as monthly payments, late fees, or personal property taxes, if any, are current or, brought current as a condition to our agreement to extend your Lease's Original Maturity Date. Up to the Maximum Maturity Date, you have the option to extend your Lease term on a month-to-month basis by continuing to pay your monthly payments of $265.00 (may not include estimated monthly sales/use taxes, which may vary depending on your address) due in advance on the 21 day of each month, where you keep the above-identified vehicle ("Vehicle") during the monthly period you choose to extend. **If you do not intend to extend your Lease term beyond the monthly period you paid, you must return the Vehicle before the next month's payment due date or you will be billed for the following month's Lease term extension payment. You must call us at (844) 363-7477 to make arrangements before returning the Vehicle.**

    Maximum Months Extended: 6     Maximum Maturity Date: 06/21/2023

2. **Termination, Wear, Mileage and Excess Mileage.** As set forth in your Lease, you may be charged for excessive wear based on the Lessor's standards for normal use and for mileage in excess of the annual mileage allowance. Excessive wear will be evaluated and charged according to the Lessor's standards for normal use at the termination of this Lease.

    For each month after the Original Maturity Date that you keep the Vehicle beyond the payment due date, the mileage before charges for excess mileage begins increases by 1/12th of the annual mileage allowance set forth in your Lease. The per mileage rate for excess mileage in your Lease remains unchanged.

    If your Lease terminates after the Original Maturity Date but before the Maximum Maturity Date, for any reason, the Early Termination provisions of your Lease will not apply and the termination shall be treated as a full-maturity termination under your Lease, except that: charges for excess mileage will be determined as set forth in this Agreement; and, if termination is due to default, you will also owe us all of our expenses related to the repossession and storage of the vehicle.

3. **Purchase Option.** After the Original Maturity Date, you still have the option to purchase the Vehicle at or before the Maximum Maturity Date in accordance with the Lease terms relating to purchase of the Vehicle at end of the lease term, except any monthly payments you make during the extended lease term (excluding the portions allocable to taxes and rent) will be deducted from the Vehicle purchase price. Any applicable official



# Lease Term Extension Agreement

Account Number:

fees, such as tax, title, license and registration and other amounts remaining due under your Lease will also be due upon purchase of the Vehicle. If you exercise your purchase option, you will not owe Lessor for excess mileage or excess wear but you will owe any purchase option fee set forth in your Lease. Please call us at (855) 537-8542 for a purchase option quote.

If you wish to purchase and/or register the Vehicle in one of the following states, you must purchase it from a participating Kia dealership, or any other licensed vehicle dealership to which we agree, and the dealership may charge you a document preparation fee, inspection fee or other fee(s), as may be limited by state law: CO, DC, FL, HI, IN, PA, SC, or SD. We do not set the amount of those fees and do not receive any portion of them.

4. **Insurance**. Your obligation to maintain insurance required under the Lease remains in effect. Lessor may require you to produce an insurance certificate or other proof of insurance through the New Scheduled Termination Date as a condition of this Lease Term Extension Agreement.

5. **Monthly Payments**. When you make your monthly payment, you are paying to extend your Lease term for the entire monthly period paid. If you return the Vehicle before the next billing due date, your monthly payment will not be prorated.

6. **Other Products**. If you purchased a vehicle service contract, extended warranty, credit insurance, excess wear and tear coverage or other products or services with the Lease, you may not be covered after the Original Maturity Date. *You must contact the insurance company, administrator or other provider of the product or service to purchase additional coverage, if available*.

7. **Arbitration Provision. Your Lease shall be subject to the following arbitration provision:**

> **MANDATORY ARBITRATION**
>
> **IMPORTANT INFORMATION**
>
> **PLEASE REVIEW THIS IMPACTS YOUR LEGAL RIGHTS**
>
> **A. Agreement to Arbitrate**. In the event of a claim or dispute between you and us (including our respective agents, employees, officers, directors, affiliates, subsidiaries and parents) ("we" or "us"), whether in contract, tort, statute, or otherwise, arising under or relating to this Lease or the Leased Vehicle, your experience with us, or any resulting transaction or relationship, the claim or dispute must be resolved by binding arbitration, as described below, instead of in court. Any claim or dispute (except for a claim challenging the Class Action Waiver below) must be resolved by binding arbitration if either side requests it, including a claim challenging the validity or enforceability of this Agreement to Arbitrate. T**HIS MEANS IF EITHER YOU OR WE CHOOSE ARBITRATION, NEITHER PARTY SHALL HAVE THE RIGHT TO LITIGATE SUCH CLAIM IN COURT OR TO HAVE A JURY TRIAL. ALSO, DISCOVERY AND APPEAL RIGHTS ARE LIMITED IN ARBITRATION.**
>
> **B. CLASS ACTION WAIVER. ARBITRATION MUST BE ON AN INDIVIDUAL BASIS. THIS MEANS IF A DISPUTE WERE ARBITRATED, YOU WOULD GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS OR IN A PRIVATE ATTORNEY GENERAL CAPACITY.**
>
> **C.** Only a court, and not an arbitrator, shall determine the validity and effect of the Class Action Waiver. Even if all parties have opted to litigate a claim in court, you or we may elect arbitration with respect to any claim made by a new party or any new claims later asserted in that lawsuit.
>
> **D. Your Right to Go To Small Claims Court**. We will not choose to arbitrate any claim you bring in small claims court. However, if such a claim is transferred, removed or appealed to a different court, we may then choose to arbitrate.
>
> **E. Self-Help Rights.** Neither you or us waive any rights to seek self-help remedies, such as repossession or replevin of our respective property.



# Lease Term Extension Agreement

Account Number: ▮▮▮▮▮▮

**F. Governing Law and Rules.** This Agreement to Arbitrate is governed by the Federal Arbitration Act (FAA). Arbitration must proceed only with the American Arbitration Association (AAA) or JAMS, or any organization that you choose subject to our approval. The rules for the arbitration will be those in this Agreement to Arbitrate and the procedures of the chosen arbitration organization. For a copy of each organization's procedures, to file a claim or for other information, please contact:

AAA at www.adr.org; 800-778-7879

JAMS at www.jamsadr.com; 800-352-5267

**G. Fees and Costs.** If you wish to begin arbitration against us but you cannot afford to pay the organization's or arbitrator's costs, we will advance those costs if you ask us in writing. Any request like this should be sent to Hyundai Capital America, Attn: Legal Department, 3161 Michelson Dr., 19th Floor, Irvine, CA 92612. If you lose the arbitration, the arbitrator will decide whether you must reimburse us for money we advanced for you for the arbitration. If you win the arbitration, we will not ask for reimbursement of money we advanced. Additionally, if you win the arbitration, the arbitrator may decide that you are entitled to be reimbursed your reasonable attorneys' fees and costs (if actually paid by you).

**H. Hearings and Decisions.** The arbitration hearing shall be conducted in the federal district in which you reside unless the Dealer is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. A single arbitrator will be appointed.

**I. Arbitrator Requirements**. The arbitrator must: (i) Be a retired judge or justice of any state or federal court; (ii) Proceed with the arbitration under the procedural rules of the FAA; (iii) Follow all applicable substantive law of the governing law set forth in Section 26.P of the Lease ("Governing Law") without regard to such Governing Law's choice of laws principles, except when contradicted by the FAA; (iv) Follow applicable statutes of limitations set forth in the Governing Law; (v) Honor valid claims of privilege; and (vi) Issue a written decision including the reasons for the award.

**J. Final Decision and Appeal.** The arbitrator's award will be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may appeal to a new appellate arbitrator. The appeal must be filed with the arbitration organization not later than 30 days after the original award issues and the appealing party must pay all appellate costs, unless the appellate arbitrator determines otherwise as part of its award. If you are unable to pay the appellate arbitrator's costs, we will advance those costs, if you ask us in writing, as set forth in Section 7.G of this Addendum. Any arbitration award may be enforced (such as through a judgment) in any court with jurisdiction. If any part of this Agreement to Arbitrate is deemed or found to be unenforceable for any reason (except as set forth in the following sentence), the remainder shall remain enforceable. However, if the Class Action Waiver above is deemed or found to be unenforceable for any reason, this entire Agreement to Arbitrate will be deemed unenforceable.

8. **General**. The definitions set forth above shall apply to this Agreement. All other terms defined in the Lease have the same meanings when used in this Agreement. Except as expressly modified above, all other terms and conditions of the Lease remain in effect.

_____

Kia Finance America

as servicer and attorney-in-fact for Hyundai Lease Titling Trust

 **Lease Term Extension Agreement**

Account Number: ▇▇▇▇▇▇

> TO BE EFFECTIVE, WE MUST RECEIVE (1) THIS FULLY SIGNED AGREEMENT WITHIN 5 DAYS AFTER THE ABOVE DATE, (2) ANY OUTSTANDING PAYMENT(S) REQUIRED TO BRING YOUR LEASE CURRENT, AND (3) THE INITIAL EXTENSION PAYMENT PAID IN FULL. IN THE EVENT LESSOR DOES NOT RECEIVE THE ABOVE ITEMS AS STATED, THE LEASE TERM EXTENSION AGREEMENT IS INEFFECTIVE, NULL AND VOID, AND YOU WILL REMAIN OLBIGATED UNDER THE TERMS OF THE LEASE. EMAIL TO **LEST@HCAMERICA.COM** OR FAX TO 972-590-3995 OR MAIL TO ATTN: LEST 6100 W PLANO PKWY SUITE 2000, PLANO, TX 75093

**NOTICE TO CONSUMER:**

1. Do not sign this agreement before you read it.  2. You are entitled to a copy of this Agreement.

---

**LESSEE SIGNATURES** (check if other than individual(s))  ☐ CORPORATION  ☐ PARTNERSHIP  ☐ LLC OR LLP

By: *Eudel Cepero*
Eudel Cepero (Nov 30, 2022 14:15 EST)

Name: EUDEL CEPERO

Date: Nov 30, 2022

By: _____

Name: _____

Date: _____

Notice is hereby given that the rights, but not the obligations, of Hyundai Lease Titling Trust ("HLTT") under the sale agreement for the asset described in this agreement have been assigned to HCA Exchange, Inc. pursuant to an agreement between HLTT and HCA Exchange, Inc.